# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. L-22-CR-1052 |
| 12. OLIVERIA PIEDRA CAMPUZANO | § § § | |

## GOVERNMENT'S MOTION FOR PRE-TRIAL DETENTION

Comes now the United States of America, by and through the undersigned attorneys, and hereby moves to detain defendant Oliveria Piedra Campuzano pending trial. In support thereof, the government states the following:

## INTRODUCTION

On August 9, 2022, a Grand Jury in the Southern District of Texas, Laredo Division, returned an indictment charging the defendant and 13 co-conspirators under seal with various human smuggling offenses. The defendant was arrested on September 13, 2022, in the Western District of Texas. Upon arrest and pursuant to the Court's order the indictment was unsealed. The government expects the defendant to appear for her initial appearance on September 14, 2022, in the Western District of Texas.

The United States respectfully moves this Court to order the pre-trial detention of the defendant pursuant to 18 U.S.C. § 3142(f)(2). The defendant is charged in a criminal indictment with the following offenses: (1) Conspiracy to Transport and Move an Alien, Placing in Jeopardy the Life of Any Person, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(iii); and (2) Conspiracy to Conceal, Harbor, or Shield from Detection an Alien for the Purpose of Commercial Advantage or Private Financial Gain, in violation of 8 U.S.C.

1

§§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i).  Based upon the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the defendant, the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, and the risk of flight, there is no combination of conditions that will reasonably assure the appearance of the defendant and the safety of the community.

## FACTUAL BACKGROUND

This case arises from a multi-year investigation by law enforcement into a human smuggling organization (HSO) led by the defendant that transported and harbored numerous migrants within the United States who did not have legal authorization to enter and remain in the U.S.  This HSO was a large-scale, highly lucrative organization with an extensive network of co-conspirators who coordinated and facilitated the transportation of at least hundreds of migrants from the U.S./Mexico border near Laredo, Texas, to areas near Austin, San Antonio, and other points in the interior of the United States.  Members of the HSO commonly referred to migrants as "boxes" or "packages."  Migrants smuggled by the HSO typically paid around $8,000, with $3,000 paid up front to human smugglers in Mexico and $5,000 paid to members of the HSO once the migrant arrived in the United States.

Through the course of the investigation, law enforcement interdicted numerous smuggling events tied to this HSO, in which law enforcement discovered vehicles and stash houses containing migrants. In many instances, these migrants were apprehended and removed from the United States. The methods the HSO used to transport migrants were particularly dangerous.  HSO drivers transported migrants in suitcases placed inside pickup trucks; in the back of tractor-trailers; under locked hard bed covers of pickup trucks; in empty water tanker trucks; and in empty wooden crate boxes that were strapped to flatbed trailers.  These methods

placed the aliens in danger, as they were frequently held in locked spaces with little ventilation, which became overheated, and they were driven at high speeds with no vehicle safety devices.

For example, on May 4, 2021, law enforcement agents were conducting surveillance of a truck in Laredo believed to be used by a member the HSO, when the agents heard loud thumps emanating from the vehicle and observed the tail-lights flicker. They approached the covered bed portion of the truck and asked if there was anybody hiding under the cover. A female voice answered and stated she and others were trapped inside and were struggling to breathe. With the assistance of the Laredo Fire Department, law enforcement discovered a total of five individuals hiding and trapped under the locked bed cover, including an eleven-year-old minor. Later that evening, after obtaining a search warrant, law enforcement discovered 65 more migrants at a stash house in Laredo where the truck had been surveilled earlier that day. The following are photographs from the rescue of the migrants hidden under the bed cover of the truck:




On November 17, 2021, law enforcement interdicted a load of 38 migrants at a Border Patrol checkpoint. The migrants were found hidden inside wooden boxes strapped to a flatbed truck being driven by an HSO member. Inspection revealed that the wooden crates were secured with metal tabs and heavy-duty ratchet straps. The temperature inside the crates was 81 degrees with little to no ventilation for the migrants locked inside. Migrants interviewed by law

enforcement stated that they feared for their lives due to the lack of oxygen inside the crates. The following photographs were taken at the time of the interdiction:




On November 27, 2021, law enforcement interdicted at a Border Patrol checkpoint a load of 28 migrants being transported inside an empty water tanker truck driven by a co-defendant. As depicted in the photos below, the water tanker had little, if any, ventilation and no safety devices in the event of an accident:




On December 18, 2021, after obtaining a search warrant, law enforcement searched a property in Laredo. On the property, law enforcement agents located a tractor-trailer containing 81 migrants, which a co-defendant intended to drive to San Antonio. The following is a photograph of the inside of the tractor-trailer when it was encountered by law enforcement:



This HSO was as lucrative as it was prolific and it generated at least millions of dollars in proceeds. The indictment notices forfeiture of three properties in the Austin area (two were purchased with proceeds of the HSO and one was used to facilitate the smuggling enterprise) and money judgments of forfeiture totaling almost $2.3 million representing proceeds of the HSO.

## **APPLICABLE LEGAL STANDARD**

The Bail Reform Act permits a judicial officer to hold an individual without bond pending trial if the officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In considering whether detention is appropriate, the Court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

## ARGUMENT

1. **Nature and Circumstances of Offense Charged**

The nature and circumstances of the offense warrant detention. The defendant was a member of the HSO and brazenly operated a stash house in a residential neighborhood in Bastrop, Texas, since at least 2018. This stash house is believed to be the same house where the defendant resides, and the government has noticed forfeiture of this residence in the indictment. The defendant used the stash house to harbor and conceal migrants from other countries such as Mexico who had been transported to Bastrop from near the U.S.-Mexico border. After being held at her stash house, the migrants were transported further into the interior of the United States by other members of the HSO. While at her stash house, the defendant took the migrants' phones and shoes and instructed them to not make noise while in the house. The nature of the defendant's criminal conduct, the sheer number of migrants smuggled by the defendant's HSO, and the length of time the defendant has been involved in this criminal activity weigh strongly in favor of detention in this case.

2. **Weight of the Evidence Against the Defendant**

The weight of the evidence against the defendant is strong and weighs in favor of detention. The evidence against the defendant is the product of a multi-year investigation by law enforcement into the operation of the HSO. Through the investigation, law enforcement interdicted numerous human smuggling events that were organized by this HSO, such as vehicles attempting to smuggle migrants past Border Patrol checkpoints as well as stash houses in the Laredo area and elsewhere. Investigators also obtained financial documents showing that the defendant's residence was paid for, in part, by her daughter/co-defendant Erminia Serrano Piedra with proceeds of the HSO. The government also anticipates presenting the testimony of migrants who will identify the defendant

was the operator of the stash house in Bastrop, among other evidence it has gathered during the course of the investigation.

3. **History and Characteristics of the Defendant**

The defendant is a resident of Bastrop, Texas, with no apparent legitimate ties to Laredo. The defendant is a citizen of Mexico with no legal status in the United States, and therefore has a clear incentive to flee should she not be detained pending trial.

4. **Safety of the Community**

The nature and circumstances of the offenses charged here are indicative of the danger to the community posed by the defendant and weigh in favor of detention. The defendant engaged in an ongoing, years-long, extensive criminal scheme in which migrants were transported in unsafe conditions that put their lives and health at risk. As discussed above, this HSO transported migrants by putting them inside suitcases inside the cabs of pickup trucks; transported them in tractor-trailers; concealed them in covered beds of pickup trucks; hid them in empty water tankers; and transported migrants inside empty boxes or crates that were strapped to flatbed trucks. These methods endangered the migrants because they had little ventilation and became overheated, and they were driven at high speeds with no safety devices to protect them in the case of an accident. Given the HSO's extensive operations, its proclivity for using dangerous methods to smuggle migrants, and the fact that the defendant is highly likely to continue engaging in her criminal behaviors if released, the defendant poses a significant risk to the safety of the community.

5. **Risk of Flight**

The preponderance of the evidence shows that the defendant should be detained pending trial, as no condition or combination of conditions will reasonably assure her appearance. First, the defendant is facing a maximum sentence of 20 years imprisonment and a maximum fine of

$250,000, which provides a clear incentive too flee. Second, the defendant and her criminal organization have strong ties outside the United States: the defendant is a citizen of Mexico without legal status in the United States, and other members of the HSO personally assisted migrants with making arrangements with smugglers in Mexico, indicating the HSO's connections with criminal organizations in that country. Third, the fact that the defendant's daughter/co-defendant Erminia Serrano Piedra used HSO proceeds to pay for the defendant's residence indicates that the defendant has ready access to large sums of money that were obtained through the criminal smuggling enterprise. In short, the defendant has the motive and ample means to flee and should be detained pending trial.

WHEREFORE, for the foregoing reasons, the government submits that the defendant should be detained pending trial.

Respectfully submitted this 13th day of September 2022.

Respectfully submitted,

KENNETH A. POLITE JR.
ASSISTANT ATTORNEY GENERAL

  /s/ Erin Cox
Erin Cox
Christian Levesque
Trial Attorneys
U.S. Department of Justice
Criminal Division
Human Rights and Special Prosecutions Section

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

  /s/ Jennifer Day
Jennifer Day
Assistant United States Attorney
Southern District of Texas

## **CERTIFICATE OF SERVICE**

      We hereby certify that on September 13, 2022, a true and correct copy of the foregoing instrument was filed with the Clerk of the Court.

                                            */s/ Erin Cox*
                                            Erin Cox
                                            Christian Levesque
                                            Trial Attorneys